

FILED

MAR 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CONTEMPORARY SERVICES CORPORATION, a California Corporation, <br><br>             Plaintiff-Appellant, <br><br>     v. <br><br> LANDMARK EVENT STAFFING SERVICES, INC., a Delaware Corporation, PETER KRANSKE, an individual; MICHAEL HARRISON, an individual, <br><br>             Defendants-Appellees, | No.   14-56636 <br><br> D.C. No. 8:09-cv-00681-BRO-AN Central District of California, Santa Ana <br><br><br> ORDER |

Before: PREGERSON, PAEZ, and TALLMAN, Circuit Judges.

The Memorandum filed on January 30, 2017 is amended as follows: Page 2, Line 2 is amended to insert <, Peter Kranske, and Michael Harrison> after <Landmark Event Staffing Services, Inc.>. Page 2, Line 3 is amended to insert <collectively,> before <"Landmark">. An Amended Memorandum is filed concurrently with this Order.

With this amendment, Appellant's petition for rehearing (Dkt. No. 59) is DENIED as moot.

The panel has voted to deny Appellees' petition for panel rehearing.

The full court has been advised of Appellees' petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

Appellees' petition for panel rehearing and petition for rehearing en banc (Dkt. No. 58) are DENIED.

FILED

NOT FOR PUBLICATION

MAR 30 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CONTEMPORARY SERVICES CORPORATION, a California Corporation,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>LANDMARK EVENT STAFFING SERVICES, INC., a Delaware Corporation; PETER KRANSKE, an individual; MICHAEL HARRISON, an individual,<br><br>Defendants-Appellees, | No.    14-56636<br><br>D.C. No.<br>8:09-cv-00681-BRO-AN<br><br>AMENDED MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Argued and Submitted October 5, 2016
Pasadena, California

Before:  PREGERSON, PAEZ, and TALLMAN**, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       Judge Tallman was drawn to replace Judge Noonan after oral argument.  He has read the briefs, viewed the recorded argument, and studied the record.

Contemporary Services Corporation ("CSC") appeals the district court's grant of summary judgment in favor of Landmark Event Staffing Services, Inc., Peter Kranske, and Michael Harrison (collectively, "Landmark") as to its claims for misappropriation of trade secrets under the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426 *et seq.*, and breach of contract. We affirm in part, reverse in part, and remand for proceedings consistent with this decision.

1.      We review a district court's grant of summary judgment de novo. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 630 (9th Cir. 2005). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

2.      CSC asserted a CUTSA claim for misappropriation of trade secrets, alleging that Landmark acquired and used numerous CSC-created documents. "[A] prima facie claim for misappropriation of trade secrets requires the plaintiff to demonstrate: (1) the plaintiff owned a trade secret, (2) the defendant acquired, disclosed, or used the plaintiff's trade secret through improper means, and (3) the defendant's actions damaged the plaintiff." *Cytodyn, Inc. v. Amerimmune Pharm., Inc.*, 72 Cal. Rptr. 3d 600, 607 (Cal. Ct. App. 2008) (internal quotation marks omitted).

2

**3.** A trade secret is "information, including a formula, pattern, compilation, program, device, method, technique, or process that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code, § 3426.1(d). Here, CSC raised material triable issues as to whether its customer lists (CSC California #17-18), its deployment workbook (CSC California #12), and its PowerPoint disclosing financial information (CSC California #2) qualify as trade secrets.[1] *See Abba Rubber Co. v. Seaquist*, 286 Cal. Rptr. 518, 526 (Cal. Ct. App. 1991) (where a customer list qualified as a trade secret); *id.* at 529 n.9 (noting that "ease of ascertainability is irrelevant to the definition of a trade secret"); *Whyte v. Schlage Lock Co.*, 125 Cal. Rptr. 2d 277, 287-88 (Cal. Ct. App. 2002) (where specific and unique financial information qualified as a trade secret). In addition, CSC raised a triable issue as to whether Landmark unlawfully ratified employee Grant Haskell's misappropriation of CSC trade secrets when Landmark failed to cease the use of CSC documents, disavow Haskell's conduct, or terminate Haskell's employment

---

[1] To the extent CSC's misappropriation of trade secrets claim was based on other documents, we affirm the district court's ruling that CSC failed to raise a triable issue as to whether those documents qualify as trade secrets.

3

after Landmark "had reason to know" of Haskell's misappropriation. Cal. Civ. Code § 3426.1(b)(2)(B); *see also PMC, Inc. v. Kadisha*, 93 Cal. Rptr. 2d 663, 675 (Cal. Ct. App. 2000) (finding triable issue where employer made "no real attempt to determine" whether trade secret misappropriation had occurred).

4.      We therefore reverse the district court's summary judgment ruling, and conclude that CSC satisfied the first two elements of a misappropriation of trade secrets claim under the CUTSA. The district court declined to decide whether CSC demonstrated causation and damages, however, and we therefore leave those issues for the district court's consideration on remand.

5.      Because CSC's breach of contract claim was derivative of its misappropriation of trade secrets claim, we reverse the district court's grant of summary judgment to Landmark on that claim.

6.      In light of our disposition, we vacate the award of attorney's fees to Landmark as premature.

7.      We also **GRANT** the Request for Judicial Notice by Appellees Landmark Event Staffing Services, Inc., Peter Kranske, and Michael Harrison, filed on Oct. 5, 2015, ECF No. 36.

8.      The parties shall bear their own costs on appeal.

4

For the foregoing reasons, we **AFFIRM IN PART** and **REVERSE IN PART** the district court's grant of summary judgment, **REMAND** for proceedings consistent with this disposition, and **VACATE** the award of attorney's fees in favor of Landmark.